JUDGE STEIN



10 CV 4105

**Penn Dodson (PD 2244)**
GOLDBERG & DOHAN, LLP
11 Park Place
Suite 1100
New York, NY  10007
(646) 502-7751 direct
(800) 719-1617 main
(212) 406-4779 fax
*pdodson@goldbergdohan.com*

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERMAINE JAMES and JOSE RODRIGUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> D-J AMBULETTE SERVICES, INC., d/b/a/ D&J Ambulette Services; STEVEN SQUITIERI, an individual; ANDREA SQUITIERI, an individual; and JOSEPH GALLITTO, an individual, <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> Case No. _____ <br><br><br><br><br> **JURY TRIAL REQUESTED** |

Plaintiffs Jermaine James and Jose Rodriguez worked as ambulette drivers for

Defendants' medical transport company.  Despite the fact that they regularly worked more than

40 hours in the workweek, Defendants refused to pay them time and a half for overtime.  To

challenge these and other wage violations, Plaintiffs, by and through counsel, complain of

Defendants D-J Ambulette Service, Inc., and its owners/officers, as follows:



11 Park Place
Suite 1100
New York, NY  10007
646.502.7751

**INTRODUCTION**

1.  Plaintiffs bring this action to recover unpaid overtime wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (hereinafter "FLSA").

2.  Plaintiffs further bring this action to recover unpaid overtime wages and other damages under the provisions of the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, §§ 650 et seq. (hereinafter, "NYLL")

3.  Plaintiffs also bring a correlative unjust enrichment claim and breach of contract claim associated with the same events giving rise to the wage claims.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA.

5.  This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 et seq. One or more of the Defendants named herein resides in Bronx County, which is in this district.

**PARTIES**

**Defendant D-J Ambulette Service, Inc.**

7.  Defendant D-J Ambulette Service, Inc. (hereinafter "D&J Ambulette") is a New York corporation whose principal place of business is located at 1432 Blondell Avenue, Bronx, NY 10461, in Bronx county.



11 Park Place
Suite 1100
New York, NY 10007

8. At all relevant times, Defendant D&J Ambulette has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, Defendant D&J Ambulette had annual gross revenues in excess of $500,000.

10. At all times material to this action, Defendant D&J Ambulette Services was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Steven Squitieri**

11. Defendant Steven Squitieri, an individual, resides at 38 Oak Pond Ln, Mahopac, NY 10541, in Putnam County.

12. At all times material to this action, Defendant Steven Squitieri actively participated in the business of the corporation.

13. At all times material to this action, Defendant Steven Squitieri exercised substantial control over the functions of the employees, including Plaintiffs.

14. At all times material to this action, Defendant Steven Squitieri, was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

15. Defendant Steven Squitieri has an ownership interest in and/or is a shareholder of D&J Ambulette.

16. Defendant Steven Squitieri is one of the ten largest shareholders of D&J Ambulette.

17. Defendant Steven Squitieri is liable to Plaintiffs for unpaid wages pursuant to New York Business Corporations Law § 630.



11 Park Place
Suite 1100
New York, NY 10007

### Defendant Andrea Squitieri

18. Defendant Andrea Squitieri, an individual, resides at 38 Oak Pond Ln, Mahopac, NY 10541, in Putnam County.

19. Defendant Andrea Squitieri is the Chief Executive Officer of D-J Ambulette Service, Inc.

20. At all times material to this action, Defendant Andrea Squitieri actively participated in the business of the corporation.

21. At all times material to this action, Defendant Andrea Squitieri exercised substantial control over the functions of the employees, including Plaintiffs.

22. At all times material to this action, Defendant Andrea Squitieri, was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

23. Defendant Andrea Squitieri has an ownership interest in and/or is a shareholder of D&J Ambulette.

24. Defendant Andrea Squitieri is one of the ten largest shareholders of D&J Ambulette.

25. Defendant Andrea Squitieri is liable to Plaintiffs for unpaid wages pursuant to New York Business Corporations Law § 630.

### Defendant Joseph Gallitto

26. Defendant Joseph Gallitto, an individual, is a resident of the state of New York.

27. Defendant Joseph Gallitto is the president of D&J Ambulette.

28. Defendant Joseph Gallitto was a founder of D&J Ambulette.

29. At all times material to this action, Defendant Joseph Gallitto actively participated in the business of the corporation.



*James et al v. D&J Ambulette*
USDC, SDNY

Complaint
Page 4

11 Park Place
Suite 1100

30. At all times material to this action, Defendant Joseph Gallitto exercised substantial control over the functions of the employees, including Plaintiffs.

31. At all times material to this action, Defendant Joseph Gallitto, was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

32. Defendant Joseph Gallitto has an ownership interest in and/or is a shareholder of D&J Ambulette.

33. Defendant Joseph Gallitto is one of the ten largest shareholders of D&J Ambulette.

34. Defendant Joseph Gallitto is liable to Plaintiffs for unpaid wages pursuant to New York Business Corporations Law § 630.

## Both Plaintiffs

35. Plaintiffs have worked as drivers for Defendants, performing medical transports in the five boroughs of New York City.

36. Most commonly this means that Plaintiffs pick someone up from home, deliver that person to a doctor appointment, and then later return the person back home.

37. Plaintiffs have only done medical transport related services on behalf of Defendants; they have not, for example, given sightseeing tours or driven routes to and from area airports.

38. As D&J Ambulette drivers, Plaintiffs have been paid on an hourly basis at a certain hourly rate of pay.

39. Neither of the Plaintiffs has been paid time and a half for hours over 40 worked in the workweek.

40. Neither of the Plaintiffs is subject to any exemptions from overtime pay.

41. Both of the Plaintiffs have worked more than 40 hours in a workweek for Defendants.



11 Park Place
Suite 1100
New York, NY, 10007

42. Both of the Plaintiffs has worked more than 10 hours on at least some workdays; in fact, most of their workdays are longer than 10 hours.

43. For the days Plaintiffs have worked more than 10 hours Defendants have not paid them an additional one-hour's pay at the applicable minimum wage rate.

**Plaintiff Jermaine James**

44. Plaintiff Jermaine James is a resident of Bronx, New York, living in Bronx County.

45. Plaintiff Jermaine James worked for D&J Ambulette from March, 2008 to December 2009.

46. Plaintiff James's rate of pay was $8.15 per hour.

47. Although his exact hours varied, Plaintiff James worked from approximately 6:00a.m. to 5:30 or 6:00p.m., Monday through Saturday.

48. Plaintiff James generally worked approximately 62-66 hours per week.

**Plaintiff Jose Rodriguez**

49. Plaintiff Jose Rodriguez is a resident of Pennsylvania.

50. Plaintiff Rodriguez worked for D&J Ambulette from the end of March, 2008 to February, 2009.

51. Plaintiff Rodriguez's rate of pay was $7.15 per hour.

52. Plaintiff Rodriguez generally worked approximately 60-65 hours per week.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS



11 Park Place
Suite 1100

53. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

54. At all times material to this action, the Plaintiffs herein have been "employees" within the meaning of 29 U.S.C. § 203(e).

### *Failure to Pay Overtime*

55. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rate for hours over 40 in a workweek, in contravention of the FLSA.

### *Record-Keeping Failures*

56. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

57. At all relevant times, Defendants had a policy and practice of depriving its drivers of overtime premium pay. Plaintiffs were subject to this policy.

58. Defendants had no good faith basis for believing that their pay practices were in compliance with the law.

59. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

60. As a result of the willful violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid



*James et al v. D&J Ambulette*
USDC, SDNY

Complaint
Page 7

11 Park Place
Suite 1100

wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the

FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

61. Plaintiffs reallege and incorporate by reference each allegation contained in the

paragraphs above, and by reference replead and incorporate them as though fully set forth

here.

62. At all relevant times, Plaintiffs were employed by Defendants within the meaning of

NYLL §§ 2 and 651.

*Failure To Pay Time Overtime*

63. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal

hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. &

Regs. tit. 12, § 142-2.2.

*Spread of Hours*

64. Plaintiffs worked more than 10 hours on at least some workdays, but Defendants failed to

pay them an additional one-hour's pay at the applicable minimum wage rate, in

contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

*Record-Keeping Failures*

65. Defendants failed to keep true and accurate records of hours worked by each employee

covered by an hourly minimum wage rate, the wages paid to all employees, and other

similar information in contravention of NYLL § 661.

66. Defendants failed to establish, maintain and preserve for not less than three years payroll



*James et al v. D&J Ambulette*
USDC, SDNY

11 Park Place
Suite 1100

Complaint
Page 8

records showing the hours worked, gross wages, deductions and net wages for each

employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs.

142-2.6.

67. Defendants failed to keep a time book showing the names and addresses of its employees

and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

68. Defendants failed to notify Plaintiff in writing or by public posting its policy on sick

leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

## *Willfulness and Damages*

69. Defendants willfully violated Plaintiffs' rights by failing to pay them at a rate of not less

than one and one-half times their regular rates of pay for each hour worked in excess of

forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2.

70. Due to Defendant's New York Labor Code violations, Plaintiffs is entitled to recover

their unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, costs

associated with bringing the action.  NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### UNJUST ENRICHMENT

71. Plaintiffs reallege and incorporate by reference each allegation contained in the

paragraphs above, and by reference replead and incorporate them as though fully set forth

here.

72. Defendants have been unjustly enriched by withholding overtime payments that rightfully

belong to Plaintiffs.

73. Defendants are liable to Plaintiffs in the amount of compensation unlawfully withheld,



11 Park Place
Suite 1100

along with liquidated damages, interest, litigation costs, attorney fees, and other damages.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT

61. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

62. Plaintiffs and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

63. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

64. Specifically, Defendants agreed to pay Plaintiffs a certain rate of pay for *all* hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

65. By failing to pay Plaintiff at their proper overtime rate, Defendants breached their contract of employment with Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)    Award Plaintiffs unpaid wages due under the FLSA and the New York Labor Law;

(B)    Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages because of Defendants' willful failure to pay wages pursuant to 29 U.S.C. § 216(b);



11 Park Place
Suite 1100

*James et al v. D&J Ambulette*
USDC, SDNY

Complaint
Page 10

(C)     Award Plaintiffs liquidated damages in the amount of twenty-five percent of their

unpaid back wages because of Defendants' willful failure to pay overtime pay as

liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiffs prejudgment interest;

(E)     Award Plaintiffs the costs of this action together with reasonable attorneys' fees;

and

(F)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury

on all questions of fact raised by the complaint.

Respectfully submitted, this 17^m day of May, 2010.

GOLDBERG & DOHAN, LLP

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiff

11 Park Place
Suite 1100
New York, NY  10007
(646) 502-7751 direct
(800) 719-1617 main
(212) 406-4779 fax



11 Park Place
Suite 1100

*James et al v. D&J Ambulette*
USDC, SDNY